THE HONORABLE THOMAS S. ZILLY

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ILAN KENIG<br><br>Plaintiff,<br><br>vs.<br><br>MICHAEL B. MUKASEY, Attorney General, et al.,<br><br>Defendants. | No. C08-1409Z<br><br>ORDER |

This matter comes before the Court on Plaintiff's Petition for Hearing on Naturalization Application, docket no. 1. The Court has reviewed the Petition, the Government's Response, Plaintiff's Response, and the Government's Reply, together with all the other records and files herein. The Court now enters this Order.

**<u>Background</u>**:

Plaintiff Ilan Kenig is an Israeli national who is applying for naturalization in the United States. (Exhibit to Plaintiff's Response (hereinafter "Ex.") A-13.) He became a permanent resident on June 7, 1989. <u>Id.</u> Plaintiff filed a form N-400,

ORDER - 1

Application for Naturalization on or about May 8, 2006, with USCIS. (Supplemental Declaration of Susan Walk (hereinafter "Supp. Walk Decl.") ¶ 3; see also Petition (docket no. 1) ¶¶ 2, 17.) After receipt of his application, the FBI ran a name check which was completed on May 26, 2006. (Declaration of Susan Walk (hereinafter "Walk Decl.") ¶ 6.) USCIS took Plaintiff's fingerprints at the Citizenship and Immigration Services office in Seattle on June 19, 2006, (Ex. B-32; Ex. D-34) and interviewed him on February 5, 2007 (Ex. C-33; Ex. D-34; Walk Decl. ¶ 6.)

After Plaintiff's interview with USCIS, an additional background check from an unspecified law enforcement agency revealed "possible derogatory information concerning Plaintiff." (Walk Decl. ¶ 6.) As a result of that information, Plaintiff's application was "placed on hold, pending further investigation by another agency." Id. On May 7, 2007, Plaintiff's attorney, Duncan Millar, wrote to the Naturalization Supervisor at the Seattle CIS office to inquire into the status of Plaintiff's application. (Ex. D-34.) On June 16, 2008, the Seattle Field Office requested Plaintiff's "A-file" from the Los Angeles Field Office. (Walk Decl. ¶ 7.) The "A-file" could not be located; thereafter, a temporary administrative file was sent. Id.

On June 24, 2008, USCIS mailed Plaintiff another notice to be fingerprinted because it had been over fifteen months since Plaintiff's prints were initially taken and a fingerprint check must be less than fifteen months old at the time USCIS adjudicates an application. (Walk Decl. ¶ 8.) The notice was returned to USCIS, however, because Plaintiff had moved and had not updated his address with the agency. Id.

ORDER - 2

Plaintiff updated his address in June 2008, and USCIS received the results of Plaintiff's new fingerprint sample on July 9, 2008. Id.

On October 6, 2008, USCIS received a copy of a deposition taken of Plaintiff in the "Midland Entities" case in the Central District of California. (Walk Decl. ¶ 9.) The deposition, taken on February 21, 2006, was "in connection with a wire fraud/money laundering scheme that defrauded hundreds of investors out of more than $95 million through fraudulent foreign currency trades." Id. At the time of Plaintiff's interview on February 5, 2007, USCIS had no knowledge of Plaintiff's deposition or affiliation with the "Midland Entities" case. Id. ¶ 10.

Plaintiff filed the Petition in the instant case on September 22, 2008, asking this Court to adjudicate his application for naturalization pursuant to 8 U.S.C. § 1447(b). (Petition, docket no. 1.) USCIS scheduled a follow-up interview for Plaintiff on December 10, 2008, and also requested that Plaintiff submit additional documents to establish his residency in the United States. (Walk Decl. ¶ 11.) However, Plaintiff failed to appear for his interview, failed to submit the requested documents, and failed to notify USCIS of the reasons for his noncompliance. (Supp. Walk Decl. ¶ 5.) USCIS contacted Plaintiff's attorney, Mr. Fagan-Smith, who responded that Plaintiff was not going to appear for the interview nor would he respond to the request for evidence. Id. ¶ 6.

## Discussion

### A. District Court's Exclusive Jurisdiction

Both parties agree that this Court has jurisdiction over this case. Plaintiff's Petition was brought under 8 U.S.C. § 1447(b), which grants an applicant for naturalization the right to request a hearing before a district court if USCIS "fail[s] to make a determination…before the end of the 120-day period after the date on which the examination is conducted." The district court's jurisdiction is exclusive. United States v. Hovsepian, 359 F.3d 1144, 1160 (9th Cir. 2004) ("Congress intended to vest power to decide languishing naturalization applications in the district court *alone, unless* the court chooses to 'remand the matter' to [USCIS], with *the court's* instructions."). Thus, USCIS cannot adjudicate Plaintiff's application until this Court responds to Plaintiff's Petition. The Court may respond to Plaintiff's Petition in one of two ways: (1) "determin[ing] the matter," or (2) "remand[ing] the matter" with instructions to USCIS. Id. (citing 8 U.S.C. § 1447(b)).

### B. Remand to USCIS with Instructions

The Court will remand Plaintiff's application to USCIS because (1) USCIS has expertise to adjudicate these applications, whereas the Court would expend extensive judicial resources to obtain all the facts and evidence necessary to reach an appropriate decision, and (2) the reasons for USCIS's delay adjudicating Plaintiff's application was due to adherence to Congressional mandates and was not unreasonable.

USCIS argues that it "is in the best position to render a decision on Plaintiff's application because it is the designated agency responsible for and qualified to determine the issuance of immigration benefits." (Def.'s Mot., docket no. 9, at 8.) The District Court for the Western District of Washington has agreed on various occasions. *See, e.g.*, Order of Remand in Al Gazawi v. Gonzales, et al., U.S. Dist. Ct. W.D. Wash., No. C06-1696 (Oct. 18, 2007) (docket no. 20) (Martinez, J.) ("The Court agrees…that USCIS, as the designated agency responsible for reviewing such applications, is in the best position to determine plaintiff's naturalization application."); Karsch v. Chertoff, No. 07-0957, 2007 WL 3228104, at *2 (W.D. Wash. Oct. 29, 2007) (Lasnik, C.J.) ("[T]he agency is in the best position to render a decision on plaintiff's application because it is the designated agency responsible for determining the issuance of immigration benefits."). USCIS's expertise is especially relevant where, as here, background checks have not been fully completed.

Moreover, if the Court chooses to "determine the matter" under § 1447(b), "the applicant may obtain a hearing and *de novo* review of the application." Hovsepian, 359 F.3d at 1162-63. The Ninth Circuit reasoned that it would make "little sense to…bar a de novo hearing when [USCIS] has not issued a decision and likely has not concluded its investigation." Id. at 1163 n.16.

Finally, remanding the case at bar is also consistent with the "ordinary remand" rule, which advises that "[g]enerally speaking, a court…should remand a case to an agency for decision of a matter that statutes place primarily in agency hands." INS v.

Ventura, 537 U.S. 12, 16 (2002). The Supreme Court noted that the "ordinary remand" rule has "obvious importance in the immigration context." Id. at 16-17. Additionally, the rule allows an agency to "bring its expertise to bear upon the matter; it can evaluate the evidence; it can make an initial determination; and, in doing so, it can, through informed discussion and analysis, help a court later determine whether its decision exceeds the leeway that the law provides." Id. at 17.

There are no unique considerations presented by the case at bar that justify deviating from the "ordinary remand" rule. Once USCIS interviewed Mr. Kenig, it was delayed due to a number of administrative hurdles. The most pressing of those hurdles resulted when USCIS received Mr. Kenig's deposition testimony in the "Midland Entities" proceeding. The case concerned "a wire fraud/money laundering scheme that defrauded hundreds of investors" and, undoubtedly, gave USCIS cause for concern.

USCIS has attempted to remedy the situation by requesting that Mr. Kenig appear for an interview and provide additional documents. (Walk Decl. ¶ 11.) Mr. Kenig, however, did not show up for the scheduled interview, nor has he provided USCIS with the requested documents. (Supp. Walk Decl. ¶ 5.) Mr. Kenig bears the burden of proof to "show his eligibility for citizenship in every respect." Berenyi v. INS, 385 U.S. 630, 637 (1967); see also 8 C.F.R. § 316.2 ("The applicant shall bear the burden of establishing by a preponderance of the evidence that he or she meets all of the requirements for naturalization."). The status of citizenship endows aliens with

advantages and, "once granted, cannot lightly be taken away." <u>Berenyi</u>, 385 U.S. at 637. Consequently, "the Government has a strong and legitimate interest in ensuring that only qualified persons are granted citizenship." <u>Id.</u> To ensure that this interest is fully upheld, "doubts should be resolved in favor of the United States and against the claimant." <u>Id.</u> (internal quotations and citations omitted). Accordingly, Mr. Kenig must comply with USCIS's requests, which include supplying appropriate documentation and re-interviewing with USCIS.

**Conclusion**

The Court REMANDS the matter with instructions to USCIS to adjudicate Mr. Kenig's application within 30 days of re-interviewing Plaintiff and receiving documents requested of Plaintiff. The Court further instructs the Defendants to provide the Court and Plaintiff with a status report within 60 days of this Order. If the status report indicates that there is no barrier to Plaintiff's naturalization, the Court will issue an order directing USCIS to issue a Certificate of Naturalization and to administer the oath of citizenship. If Defendants indicate in the status report that there is a barrier to Plaintiff's naturalization or that they have not yet completed their analysis regarding the results of the interview and requested documents, the Court will hold a hearing on this matter to determine the status of the proceedings.

IT IS SO ORDERED.

DATED this 11th day of February, 2009.

_____
Thomas S. Zilly
United States District Judge

ORDER - 8